**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**WILLIAM PHILLIPS**                                                                                         **PLAINTIFF**

**VERSUS**                                                           **CIVIL ACTION NO. 5:05cv224DCB-JCS**

**DANIEL HARRIS, JR., and
JUDGE ISADORE PATRICK**                                                                             **DEFENDANTS**

**MEMORANDUM OPINION**

      This cause is before the court, sua sponte, for consideration of dismissal.  Plaintiff Phillips, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated in the Mississippi State Penitentiary, Parchman, Mississippi,  filed this complaint pursuant to 42 U.S.C. § 1983.  The named defendants are:  Daniel Harris, Jr., Probation Officer for MDOC;  and Isadore Patrick, Circuit Court Judge for Sharkey County.  The plaintiff has requested his immediate release from incarceration along with monetary damages as relief in this case.

      On January 3, 2006, the plaintiff was ordered to file an amended complaint to specifically state how each named defendant violated his constitutional rights and the plaintiff was provided with an opportunity to name additional defendants in this cause.  Also,  the plaintiff was directed to state if his current conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.   On January 13, 2006, the plaintiff filed his amended complaint and on March 20, 2006, the plaintiff filed an additional response to the court's order to amend.  The plaintiff declined to add any new

defendants and he clearly stated that his current conviction and sentence had not been invalidated.[1]

On May 9, 2006, an order was entered directing the plaintiff to supply specific information concerning his criminal conviction, sentence, probation and revocation of probation. On May 23, 2006, the plaintiff filed his response. Upon liberal review of the entire court record in this cause, the court has reached the following conclusions.

## Background

On July 8, 2003, the plaintiff pled guilty to the charge of receiving stolen property in the Circuit Court of Sharkey County, Mississippi. The plaintiff was sentenced to serve three years, 229 days in the custody of MDOC with the balance of his sentence served on post-release supervision. The plaintiff states that he had spent about a year incarcerated prior to his guilty plea. The plaintiff states that he was arrested in California on June 1, 2005, and extradited to Mississippi. The plaintiff's probation was revoked on December 7, 2005. The plaintiff maintains that while under the supervision of defendant Harris, he was threatened by the officer. The plaintiff claims that he feared for his life because of these alleged threats by defendant Harris which resulted in him leaving the State of Mississippi for California.

The plaintiff asserts various claims against defendant Patrick related to his sentence and probation revocation. In sum, the plaintiff believes his sentence is too harsh in relation to the

---

[1] To the extent the plaintiff has asserted a constitutional claim regarding the conditions of his confinement in the Issaquena County Correctional Facility, these claims are not viable against the named defendants. As stated above, the plaintiff declined to name any additional defendants in this cause. If the plaintiff wishes to pursue claims regarding the conditions of his incarceration, he may file a new and separate § 1983 action against the individuals who are responsible for the alleged violations of his constitutional rights.

crime he committed. As stated above, the plaintiff has requested his immediate release from incarceration and monetary damages from the named defendants.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[2] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under

---

[2] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

  (A) the allegation of poverty is untrue; or
  (B) the action or appeal--
      (i)     is frivolous or malicious;
      (ii)    fails to state a claim on which relief may be granted; or
      (iii)   seeks monetary relief against a defendant who is immune from such relief.

Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. As discussed below, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named defendants.

## Claims

Initially, this court must decide whether the plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (citing Cook v. Texas Dept. of Crim. Just. Planning Dept., 37 F.3d 166, 168 (5th Cir. 1994)). The plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). If the plaintiff's claims are proven and this court grants the requested relief, it could result in the plaintiff receiving an early release from custody. The plaintiff must first pursue his request for his release from custody by filing a petition for habeas corpus relief.

Before the plaintiff can pursue this matter through habeas corpus in federal court, he is required to exhaust his available state remedies. Preiser v. Rodriguez, 411 U.S. 475 (1973); Thomas v. Torres, 717 F.2d 248, 249 (5th Cir. 1983). Since the plaintiff has not demonstrated presentation of these claims to the Mississippi Supreme Court, he has not yet satisfied the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A). Therefore, the portion of plaintiff's

complaint requesting his release from custody will not be liberally construed as a petition for habeas corpus relief, but instead will be dismissed.

## Defendants

In order to have a viable claim under 42 U.S.C. § 1983, the plaintiff must allege that he was deprived of a right secured by the Constitution and the laws of the United States and that the person depriving plaintiff of this right acted under color of any statute of the State. Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). However, judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions. Graves v. Hampton, 1 F.3d 315, 317 (5th Cir.1993). "Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction." Adams v. McIlhany, 764 F.2d 294, 297 (5th Cir. 1985) (citing Stump v. Sparkman, 435 U.S. 349 (1978)), cert. denied, 474 U.S. 1101 (1986).

Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991); see also Forrester v. White, 484 U.S. 219, 220-21, 108 S.Ct. 538, 540-41, 98 L.Ed.2d 555 (1988). The allegations of this complaint against defendant Patrick demonstrate that he was acting within his judicial discretion when he presided over the plaintiff's criminal case and ultimately revoked his probation. It is clearly established law that a judge is absolutely immune from damages under these circumstances. See Stump v. Sparkman, 435 U.S. 349 (1978). Accordingly, the plaintiff cannot maintain this action for monetary damages against defendant Patrick.

Likewise, the plaintiff's claim for monetary damages from defendant Harris is barred by the

United States Supreme Court's ruling in <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 129 L.Ed.2d 383 (1994).  In <u>Heck</u>, the court addressed whether a claim for monetary damages which essentially challenges the plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983.  The Court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id.</u> at 2372 (footnotes omitted); <u>see</u> <u>also</u> <u>Boyd v. Biggers</u>, 31 F.3d 279, 284-85 (5th Cir. 1994).

The plaintiff alleges that he absconded to California because of threats from defendant Harris.  The plaintiff's probation was revoked, at least in part, based on his absconding supervision.[3]  A judgment in favor of the plaintiff in this action would necessarily imply the invalidity of his conviction or sentence.  As stated above, the plaintiff has failed to demonstrate that his conviction and/or sentence has been invalidated in order to overcome the bar to this suit established by <u>Heck v. Humphrey</u>.  Therefore, the plaintiff cannot maintain this action for monetary damages against defendant Harris, at this time.

## Conclusion

---

[3] The "petition to revoke suspended sentence" filed in the Circuit Court of Sharkey County, and submitted as an attachment to plaintiff's May 23, 2006, response states that the plaintiff violated the terms and conditions of his sentence by "absconding supervision, failure to pay fines [and] commission of the new crime of perjury." <u>Response</u> [doc. 12], page 5.

As discussed above, the plaintiff's claim for release from custody is habeas in nature and not properly pursued under 42 U.S.C. § 1983. Furthermore, defendant Patrick is immune from suit for monetary damages regarding these claims. The plaintiff's claims for monetary damages against defendant Harris are barred by Heck v. Humphrey.[4] Consequently, plaintiff's cause of action will be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[5] If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED, this the 12th day of July, 2006.

                                            S/DAVID BRAMLETTE
                                            UNITED STATES DISTRICT JUDGE

---

[4] "Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

[5] 28 U.S.C. § 1915(g) states "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."